UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK BOUSSUM,

    Plaintiff,

v.

SHERMAN CAMPBELL, *et al.*,

    Defendants.

Case No. 16-12930
Honorable Laurie J. Michelson
Magistrate Judge Mona K. Majzoub

**OPINION AND ORDER ADOPTING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [47] AND SUSTAINING IN PART PLAINTIFF'S OBJECTIONS [49]**

Mark Boussum was a library clerk at the Gus Harrison Correctional Facility. But an argument with a librarian led to a misconduct ticket, which led to a hearing, which led to a finding of guilt. As a result, Boussum lost his privileges for five days and was terminated from the library job. And when Boussum grieved the misconduct adjudication, hoping to get his job back, he says a host of MDOC employees violated his constitutional rights. After his grievance wound through the administrative appeal system, Boussum lost his ability to hold any prison job, was labeled a security threat, and transferred to a different prison.

So Boussum filed suit.[1] Boussum alleges violations of both the First and Fourteenth Amendments at the hands of numerous MDOC employees. Boussum's case was referred to Magistrate Judge Mona K. Majzoub.

In time, both sides moved for summary judgment. The Magistrate Judge issued a report and recommendation. The Magistrate Judge recommended denying Boussum's motion for

---

[1] Initially, this case was before District Judge John Corbett O'Meara. It was reassigned to this Court following Judge O'Meara's retirement.

summary judgment and denying, in part, Defendants' motion. More specifically, she recommended granting summary judgment in favor of most defendants, including Defendant Smith, but not as to the claims against Defendant Harpst.

Only Boussum objects. Primarily, he insists the Magistrate Judge erred in finding that he did not properly exhaust his claims against most Defendants. And Boussum also objects to the Magistrate Judge's recommendation that his claims against Defendant Smith be dismissed. So he urges the Court to let more than one claim proceed to trial.

"A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Proceeding pro se, Boussum raises objections that cover every count in his complaint So, while the Magistrate Judge provided a comprehensive report, this Court will decide anew if the MDOC Defendants are entitled to summary judgment.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Start with Boussum's exhaustion objection. The Magistrate Judge found that Boussum did not properly exhaust as to Defendants Campbell, McRoberts, Bower, Wayda-Slomski, Bates, Condon, and Doyle. (ECF No. 47, PageID.525–526.) Boussum disagrees. (ECF No. 49, PageID.549–550.) Boussum concedes he did not name any of the above Defendants at step one of the grievance process. (ECF No. 49, PageID.549.) But Boussum says that MDOC addressed the merits of his grievance despite its procedural flaws. So Boussum says the Defendants cannot now

complain of a procedural defect. (ECF No. 49, PageID.550.) *See e.g.*, *Johannes v. Washington*, No. 14-11691, 2016 U.S. Dist. LEXIS 43165, at *30 (E.D. Mich. March 31, 2016).

However, having given a fresh review to the grievance and appeals relevant to this case, it is apparent Boussum mentioned only one person: Defendant Harpst. (*See, e.g.*, ECF No. 43, PageID.390.) And because he mentioned Harpst, the administrative appeal system reached the merits of his grievance. But this does not cure his failure to name Campbell, McRoberts, Bower, Wayda-Slomski, Bates, Condom and Doyle. And the Magistrate Judge's report offers a comprehensive analysis of controlling caselaw on exhaustion, correctly holding that Boussum failed to properly exhaust as to the rest of these Defendants for failing to mention them. (ECF No. 47, PageID.524–526.) So the Court adopts that portion of the Magistrate Judge's report and overrules Boussum's objection.

That leaves Boussum's objection to the Magistrate Judge's dismissal of the claims against Defendant Smith. Smith was the hearing officer tasked with adjudicating Boussum's misconduct ticket. Boussum alleges both that Smith oversaw a sham hearing process, and that Smith prejudged his guilt in retaliation for Boussum repeatedly grieving prison staff. So Boussum brings First and Fourteenth Amendment claims against Smith.

The Magistrate Judge recommends dismissing both claims. The report finds that Boussum cannot establish that Smith ever took an adverse action. (ECF No. 47, PageID.533.) But Boussum says Sixth Circuit caselaw on adverse action actually favors his position. (ECF No. 49, PageID.552.)

The Court turns first to Boussum's First Amendment retaliation claim against Smith. In granting Smith's motion for summary judgment, the Magistrate Judge relied on *Ingram v. Jewell*, 94 F. App'x 271 (6th Cir. 2004), to find that Boussum could not show an adverse action. The only

3

basis for an adverse action here was the denial of Boussum privileges for five days. (ECF No. 46, PageID.533.) And *Ingram* holds that losing privileges for fourteen days does not amount to an adverse action. *See* 94 F. App'x at 273. But subsequent Sixth Circuit caselaw calls *Ingram* into question. *See Maben v. Thelen*, 887 F.3d 252, 266–67 (6th Cir. 2018) (questioning the logic behind *Ingram* while holding that the loss of privileges for seven days amounts to an adverse action). As *Maben* notes, the loss of privileges is "hardly 'inconsequential'" when privileges are "all that prisoners really have." *Id.* at 267. And when assessing an adverse action, courts must look at what the possible punishment might have been, not just the actual punishment. *Id.* And even though he only lost privileges for five days, Boussum says he was on the hook for up to thirty days' loss of privileges. (ECF No. 49, PageID.553.) So, even though *Ingram* remains persuasive law, more recent precedent suggests that Boussum's loss of privileges is more than "de minimus." *Maben*, 887 F.3d at 267. And that suffices to show an adverse action.

But in order for Boussum's retaliation claim to survive, Boussum must clear a few more hurdles. To clear those hurdles, Boussum says his verified complaint should be treated as an affidavit. (ECF No. 49, PageID.548–549.) According to Boussum, his complaint contains factual allegations sufficient to establish the remaining elements of a First Amendment retaliation claim. (ECF No. 49, PageID.548–549.) And because Smith's affidavit contradicts the complaint, Boussum says the First Amendment claim boils down to a credibility issue that only a jury may decide. (*Id.*)

First Amendment retaliation requires Boussum establish three elements: (1) he engaged in protected conduct; (2) an adverse action was taken against him; and (3) the adverse action is causally connected to the protected conduct. *See Maben*, 887 F.3d at 264. Boussum has already established adverse action, and his complaint contains facts sufficient to satisfy the first element.

Boussum alleges facts sufficient to show he engaged in protected conduct. According to Boussum, Smith prejudged Boussum's guilt and then said "everything we do has a reason and a purpose." And then Smith said, "its all about the power of the pen." (ECF No. 1, PageID.16.) Boussum interpreted Smith's comments to refer to Boussum's practice of writing non-frivolous grievances for other inmates. (ECF No. 16.) Boussum says he wrote grievances for a handicapped inmate named Emerson, who was terminally ill at the time. (ECF No. 1, PageID.13, 21–22.) Boussum says Emerson was incapable of helping himself, and yet Emerson needed ADA-compliant facilities. (ECF No. 1, PageID. 21–22.) So Boussum grieved the prison medical system and wrote a letter to Emerson's doctor. (*Id.*) While "an inmate does not have an independent right to help other prisoners with their legal claims[,]" Boussum says he provided necessary legal advice for prisoners unable to access the courts. *Thaddeus-X*, 175 F.3d at 395. As filing non-frivolous grievances on behalf of inmates unable to access the courts is protected conduct, Boussum has satisfied the first element. *See King v. Zamiara*, 150 F. App'x. 485, 492 (6th Cir. 2005); *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000); *Thaddeus-X v. Blatter*, 175 F.3d 378, 395 (6th Cir. 1999).

Causation is the final hurdle. "Usually, the question of causation is a factual issue to be resolved by a jury, and may be satisfied by circumstantial evidence." *Harris v. Bornhorst*, 513 F.3d 503, 519–20 (6th Cir. 2008) (citing *Hartsel v. Keys*, 87 F.3d 795, 803 (6th Cir. 1996)). And at the summary judgment stage, causation involves a burden-shifting framework. If Boussum "establishes that his protected conduct was a motivating factor behind any harm, the burden of production shifts to the defendant." *Thaddeus-X v. Blatter*, 175 F.3d 378, 399 (6th Cir. 1999) (en banc). At that point it is up to Smith to show "that he would have taken the same action in the absence of the protected activity." *Id.* If so, Smith is entitled to summary judgment. *Id.*

Boussum's complaint contains evidence of causation sufficient to shift the burden to Smith. Boussum says Smith intended to find Boussum guilty ahead of time. And Smith said he prejudged Boussum's guilt because of the "power of the pen." (ECF No. 1, PageID.16.) Boussum says he wrote grievances on behalf of another inmate, and it is a reasonable inference that Smith intended to communicate his displeasure with Boussum's use of the grievance process. So Boussum has established that protected conduct was a motivating factor behind the harm.

In response, Smith's affidavit paints a different picture. Smith says he never had any retaliatory motive. (ECF No. 44, PageID.460–461.) He was just doing his job as a hearing officer, adjudicating a misconduct ticket arising out of a dispute between Boussum and the librarian. (*Id.*) Initially, Smith says he found Boussum guilty because Boussum had nothing to dispute the librarian's account. (*Id.*) And when Boussum produced new evidence on appeal, Smith says the higher-ups ordered a rehearing. (*Id.*) Given a chance to consider the new evidence, Smith found Boussum not guilty. (*Id.*) So Smith's affidavit allows for the reasonable inference that Smith found Boussum guilty based solely on the evidence before him.

Although Smith comes very close to shouldering his burden, taken together the affidavits create a genuine issue of material fact. To be sure, it is persuasive that Smith eventually found Boussum not guilty. This would permit a jury to find that Smith was not retaliating but just following the evidence the first time around. But the ultimate finding of not guilty does not compel all reasonable juries to reach a conclusion of no retaliation. Smith's affidavit does not foreclose the possibility that Smith held a retaliatory motive at the first hearing, and only changed course once the evidence disclosed during the appeal process made clear he could not get away with retaliation. And, of course, it is possible Boussum's version of events never happened. But all of the above requires a credibility determination, inappropriate at summary judgment. As the

6

causation question depends on facts that depend on who to believe, a genuine issue of material fact precludes a grant of summary judgment in Smith's favor. So the Court sustains Boussum's objection challenging the Magistrate Judge's dismissal of his retaliation claim against Defendant Smith.

And finally, Boussum also brings a due-process claim against Smith. Boussum grounds his due-process claim on Smith's violation of MDOC's policies. (ECF No. 1, PageID.28.) And because Smith violated prison policies, Boussum ended up labeled a security threat, barred from any future work, and transferred to a different prison. (ECF No. 49, PageID.551–552.) So he says he suffered an atypical hardship (*id*.). *See Harden-Bey v. Rutter*, 524 F.3d 789, 792 (6th Cir. 2008).

The Due Process Clause protects against deprivations of "life, liberty, or property, without due process of law." U.S. Const. Amend. XIV. But prisoners do not have the same liberty interests enjoyed by other citizens, "because lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Sandin v. Conner*, 515 U.S. 472, 485 (1995). And so, a prison official's failure to "follow proper procedures is insufficient to establish an infringement of a liberty interest." *Grinter v. Knight*, 532 F.3d 567, 574 (6th Cir. 2008); *see also Velthuysen v. Henderson*, No. 17-1623, 2017 U.S. App. LEXIS 19440, at *2 (6th Cir. Oct. 2, 2017). So Boussum cannot make out a due-process claim against Smith. Therefore, the Court accepts the Magistrate Judge's recommendation that the due-process claim be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Accordingly, the remainder of Boussum's objection is overruled.

To summarize, the Court adopts the portion of the Magistrate Judge's report relating to Boussum's claims against Defendants Campbell, McRoberts, Bower, Wayda-Slomski, Bates, Condon, and Doyle. To the extent Boussum's objections relate to the claims against these

Defendants, Boussum's objections are overruled. Defendants Campbell, McRoberts, Bower, Wayda-Slomski, Bates, Condon, and Doyle are dismissed. Plus, as requested by Boussum, the Court dismisses his claims against King. But the Court sustains Boussum's objection as to Defendant Smith and therefore rejects a portion of the report. So Boussum's First Amendment claim against Defendant Smith survives. Finally, Boussum's claims against Harpst also survive.

At a recent telephonic status conference with the parties, Boussum renewed his request for the appointment of counsel. As Boussum will proceed to trial with his claims against Harpst and one claim against Smith, and as Boussum is currently proceeding pro se, the Court hereby CONDITIONALLY GRANTS the oral motion and will endeavor to secure pro bono counsel.

SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Date: February 5, 2019

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record and/or pro se parties on this date, February 5, 2019, using the Electronic Court Filing system and/or first-class U.S. mail.

s/William Barkholz
Case Manager