UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK BOUSSUM,

     Plaintiff,

v.

SHERMAN CAMPBELL,

     Defendant.

Case No. 16-12930
Honorable Laurie J. Michelson
Magistrate Judge Mona K. Majzoub

---

## OPINION AND ORDER
## DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [56]

---

Mark Boussum brought this suit against numerous prison officials. Boussum says they all violated his First and Fourteenth Amendment rights. Boussum's case was referred to Magistrate Judge Mona K. Majzoub for all pretrial matters. After the parties conducted all pretrial matters, including cross-motions for summary judgment, Magistrate Judge Majzoub recommended dismissing all but one of Boussum's claims. Over Boussum's objections, the Court adopted most of the Magistrate Judge's recommendations. In the end, two of Boussum's claims survived for trial.

Nevertheless, Boussum believes more of his claims should have survived. Boussum insists he properly exhausted all claims, and he thinks the Court never considered the merits of his civil conspiracy claim. So he urges the Court to reconsider adopting part of the Magistrate Judge's report and recommendation.

Boussum moves for reconsideration pursuant to Local Rule 7.1(h)(3). To prevail, Boussum needs to "not only demonstrate a palpable defect by which the court and the parties and other

persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3).

Boussum says the Court should not have dismissed some of his claims for a failure to exhaust. Boussum's unexhausted claims all stem from his misconduct hearing. So Boussum points to MDOC policy directive 03.02.130(F)(2), which says Boussum did not need to grieve any claims stemming from a misconduct hearing. (ECF No. 56, PageID.585.) And while Boussum might be right about what 03.02.130 requires, MDOC Policy Directive 03.03.105(SSS) says Boussum needed to raise any claims stemming from the misconduct hearing in a request for rehearing. Boussum does not appear to have done so. As a result, he has failed to properly exhaust his claims.[1] *See Carr v. Booker*, No. 14-1258, 2014 U.S. App. LEXIS 25042, at *7 (6th Cir. Dec. 4, 2014).

Next Boussum says the Court never addressed his civil conspiracy claim. But Magistrate Judge Majzoub's recommendation addressed and dismissed multiple conspiracy claims. (ECF No. 47, PageID.526, 534.) And Boussum never objected to the Magistrate Judge's handling of his conspiracy claims. (*See* ECF No. 49.) So he cannot point to any palpable defects in the Court's decision to accept the recommendation that the conspiracy claims be dismissed. And he cannot extend the objection period through a disguised motion for reconsideration.

In sum, Boussum has not pointed to any palpable defects. He did not properly exhaust his claims against a host of prison officials and he never objected to the Magistrate Judge's characterization of his conspiracy claims. Accordingly, Boussum's motion to reconsider (ECF No. 56) is DENIED.

---

[1] By contrast, Boussum properly exhausted his claims against Smith. Smith was the officer in charge of Boussum's misconduct hearing. And after Smith found Boussum guilty, Boussum moved for a rehearing, believing Smith prejudged his guilt. And Boussum received a rehearing. So he properly exhausted his claim as to Smith.

The case is now ready for trial. In a prior order, the then presiding judge advised "[i]n the event that this case survives dispositive motions and proceeds to trial, the court will revisit Plaintiff's application" for the appointment of counsel. (ECF No. 35.) The Court will now GRANT Boussum's request, conditioned on the Court's ability to enlist pro bono counsel. Once the pro bono counsel has been enlisted and appeared on Boussum's behalf, the Court will set a status conference to set trial-related dates.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Date: April 3, 2019

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was served upon counsel of record and/or pro se parties on this date, April 3, 2019, using the Electronic Court Filing system and/or first-class U.S. mail.

s/William Barkholz
Case Manager